UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

TONY HINES,
    #14349

        Plaintiff,                     2:11-cv-01481-PMP-GWF

vs.

DWIGHT W. NEVEN, *et al.*,

        Defendants.

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. The court now reviews the complaint.

**I. Screening Pursuant to 28 U.S.C. § 1915A**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d. 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act of 1995 (PLRA), a federal court must dismiss a prisoner's claim, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d. 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id., see Papasan v. Allain*, 478 U.S. 265, 286 (1986).

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a

1 court should assume their veracity and then determine whether they plausibly give rise to an entitlement
2 to relief. *Id.* "Determining whether a complaint states a plausible claim for relief [is] a context-specific
3 task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

4     Finally, all or part of a complaint filed by a prisoner may be dismissed *sua sponte* if the
5 prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal
6 conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of
7 infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual
8 allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28
9 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

10 **II. Instant Complaint**

11     Plaintiff, who is incarcerated at High Desert State Prison (HDSP) has sued several HDSP officers
12 and administrators. Plaintiff mainly claims violations of his Eighth Amendment and Fourteenth
13 Amendment due process rights. Plaintiff alleges that defendants were deliberately indifferent to a
14 serious threat to his safety posed by another inmate, who subsequently attacked plaintiff and caused
15 permanent eye damage and recurring back problems. Plaintiff also claims that the disciplinary
16 proceedings related to the incident violated his due process rights. However, plaintiff alleges that he
17 was attacked on January 11, 2007. It appears that he seeks to challenge disciplinary proceedings that
18 occurred in January and February 2007, and the most recent date referred to in the complaint is February
19 10, 2007. Plaintiff initiated this action in state court on April 7, 2011 (*see* docket #s 1 and 1-2).
20 Because § 1983 contains no specific statute of limitations, federal courts should borrow state statutes
21 of limitations for personal injury actions in § 1983 suits. *See*, *e.g.*, *Wallace v. Kato*, 549 U.S. 384
22 (2007). In Nevada, a personal injury action must be brought within two years. Nev. Rev. Stat.
23 11.190(4)(e).
24 Accordingly, plaintiff's claims are barred by the statute of limitations. His complaint is dismissed with
25 prejudice as it is clear from the face of the complaint that amendment would be futile.
26 / / /

/ / /

**III. Conclusion**

    **IT IS THEREFORE ORDERED** that the Clerk shall **DETACH** and **FILE** the complaint (docket #1-2).

    **IT IS FURTHER ORDERED** that plaintiff's complaint is **DISMISSED with prejudice**.

    **IT IS FURTHER ORDERED** that the Clerk shall **ENTER JUDGMENT** accordingly and close this case.

DATED: October 20, 2011.

_____
PHILIP M. PRO
United States District Judge