# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

TONY HINES,  )
    #14349  )
                                                                                                  )
          Plaintiff,  )              2:11-cv-01481-PMP-GWF
                                                         )
vs.  )
DWIGHT W. NEVEN, *et al.*,  )
                                                         )
         Defendants.  )
                                                      /

On October 20, 2011, the court dismissed this prisoner civil rights action based on the statute of limitations (ECF #5). Before the court are plaintiff's motion for district judge to reconsider Order (ECF #10) and motion to remand to state court (ECF #11). As discussed herein, plaintiff's motion for reconsideration is granted, the Order dated October 20, 2011 is vacated, and the court reviews plaintiff's complaint pursuant to 28 U.S.C. § 1915A(a) below.

**I. Motion for District Judge to Reconsider Order (ECF #10)**

Where a ruling has resulted in final judgment or order, a motion for reconsideration may be construed either as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment pursuant to Federal Rule 60(b). *School Dist. No. 1J Multnomah County v. AC&S, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993), *cert. denied* 512 U.S. 1236 (1994).

Under Fed. R. Civ. P. 60(b) the court may relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Motions to reconsider are generally left to the discretion of the trial court. *See Combs v. Nick Garin Trucking,* 825 F.2d 437, 441 (D.C. Cir. 1987). In order to succeed on a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See Kern-Tulare Water Dist. v. City of Bakersfield,* 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds* 828 F.2d 514 (9th Cir. 1987). Rule 59(e) of the Federal Rules of Civil Procedure provides that any "motion to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment." Furthermore, a motion under Fed. R. Civ. P. 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Herbst v. Cook,* 260 F.3d 1039, 1044 (9th Cir. 2001), *quoting McDowell v. Calderon,* 197 F.3d 1253, 1255 (9th Cir. 1999).

In its Order dated October 20, 2011, the court dismissed the complaint as barred by the statute of limitations (ECF #5). Plaintiff argues in his motion that while the state action removed here was filed on April 7, 2011, this complaint is simply an extension of litigation that began when he filed a state court complaint on January 13, 2009, which was dismissed without prejudice on October 15, 2010 (ECF #10). Plaintiff sets forth allegations partly describing what transpired in the first state court action and attaches some exhibits to his motion for reconsideration (ECF #10 and exhibits attached thereto). Plaintiff allegedly submitted an identical or nearly identical complaint in both state actions.

One exhibit from the first state case apparently is a "memo" that the state district court sent to plaintiff that purportedly explained why his proposed order of entry of default would not be signed. The "Other" line bears an "X" along with the following statement:

> "In response to your September 30, 2009 Motion for Default, the Court reviewed your January 13, 2099 Complaint. After a review of your complaint, it was determined that you are claiming damages as a result of alleged civil rights violations pursuant to 42 U.S.C. § 1983, which is a federal statute. The Eighth Judicial District Court of the State of Nevada is a state district court, and the proper court for your Complaint is the United States District Court for the District of Nevada, which is a federal district court. Please file a Motion for Removal to Federal Court so that the proper venue retains jurisdiction of your case."

Pursuant to the court's instructions, plaintiff filed such motion, which was then denied based on lack of jurisdiction in an Order dated June 28, 2010.

First, state courts have concurrent jurisdiction over § 1983 claims; plaintiff properly elected to file his complaint alleging § 1983 claims in state court. *Nat'l Private Truck Council, Inc. v. Okla. Tax Comm'n*, 515 U.S. 582, 588-89 (1995); *Howlett v. Rose*, 496 U.S. 356, 375 (1990); *Felder v. Casey*, 487 U.S. 131, 139 1988). Second, only defendants (not plaintiffs) are entitled to file a petition for removal to federal court. 28 U.S.C. § 1441. This court does not have the complete state court record before it. However, it appears that plaintiff was affirmatively misled by the state district court, and therefore, he may be entitled to equitable tolling of the statute of limitations. *Pliler v. Ford*, 542 U.S. 225, 234 (2004) (remanding for consideration of equitable tolling given the "concern that respondent had been affirmatively misled" by the district court); *Brambles v. Duncan*, 412 F.3d 1066, 1070 (9th Cir. 2005).[1] At this initial stage of federal proceedings, plaintiff has made an adequate showing under either Rule 60(b) or 59(e) that this court's order dismissing the action should be reversed. Accordingly,

---

[1] The Nevada Supreme Court has provided criteria to determine whether a statute of limitations should be equitably tolled. *Copeland v. Desert Inn Hotel*, 673 P.2d 490, 492 (Nev. 1983). Those criteria include: (1) "the diligence of the claimant"; (2) "the claimant's knowledge of the relevant facts"; (3) "the claimant's reliance on authoritative statements ... that misled the claimant about the nature of the claimant's rights"; (4) any deception or false assurances on the part of party against whom the claim is made; (5) the prejudice to the defendant that would actually result from delay during the time the limitations period is tolled; and (6) "any other equitable considerations appropriate in the particular case." *Id*.

plaintiff's motion for district judge to reconsider Order (ECF #10) is granted.  The court's Order dated October 20, 2011 dismissing plaintiff's complaint and closing this action (ECF #5) is hereby vacated. Judgment entered on October 20, 2011 (ECF #7) is also vacated.

**II.  Motion for Remand to State Court (ECF #11)**

However, with respect to plaintiff's motion to remand, based on the allegations set forth in the complaint that plaintiff's Eighth Amendment rights were violated by Nevada Department of Corrections prison personnel, defendants' appear to have been within their legal rights to remove this action.  28 U.S.C. § 1331.  Accordingly, plaintiff's motion for remand to state court (ECF #11) is denied.  The court now reviews plaintiff's complaint (ECF #6).

**III.  Screening Pursuant to 28 U.S.C. § 1915A**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2).  *Pro se* pleadings, however, must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d. 696, 699 (9th Cir. 1988).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act of 1995 (PLRA), a federal court must dismiss a prisoner's claim, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same

standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d. 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id., see Papasan v. Allain*, 478 U.S. 265, 286 (1986).

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id.* "Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Finally, all or part of a complaint filed by a prisoner may be dismissed *sua sponte* if the

prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**IV. Instant Complaint**

Plaintiff, who is incarcerated at High Desert State Prison (HDSP) has sued several HDSP officers and administrators.

### A. Eight Amendment Claims

Plaintiff alleges the following: defendants Anderson, Heidt, Baca, Ruebart, and several John and Jane Does ordered or personally participated in the cell search of another inmate, inmate Jenkins. Despite the fact that during the search they found a homemade shank, these defendants along with defendant Neven allowed Jenkins to remain in the general population. Later that day Jenkins assaulted plaintiff, permanently damaging plaintiff's left eye and causing recurring back problems. Plaintiff claims that defendants acted with deliberate indifference to a serious threat to his safety in violation of his Eighth Amendment rights.

The Eighth Amendment prohibits the imposition of cruel and unusual punishments and "embodies broad and idealistic concepts of dignity, civilized standards, humanity and decency." *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). Under the Eighth Amendment, "[p]rison officials have a duty to take reasonable steps to protect inmates from physical abuse." *Hoptowit v. Ray*, 682 F.2d 1237, 1250 (9th Cir. 1982); *see also Farmer v. Brennan*, 511 U.S. 825, 833 (1994); *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005); *Robinson v. Prunty*, 249 F.3d 862, 866 (9th Cir. 2001). To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferen[t]" to serious threats to the inmate's safety. *See Farmer*, 511 U.S. at 834. To demonstrate that a prison official was deliberately indifferent to a serious threat to the inmate's safety, the prisoner must show that "the official [knew] of and disregard[ed] an excessive risk to inmate . . . safety; the official must both

6

be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." *Farmer*, 511 U.S. at 837; *Gibson v. County of Washoe, Nev.*, 290 F.3d 1175, 1187-88 (9th Cir. 200 2; *Jeffers v. Gomez*, 267 F.3d 895, 913 (9th Cir. 2001) (*per curiam*); *Anderson v. County of Kern*, 45 F.3d 1310, 1313 (9th Cir. 1995). To prove knowledge of the risk, however, the prisoner may rely on circumstantial evidence; in fact, the very obviousness of the risk may be sufficient to establish knowledge. *See Farmer*, 511 U.S. at 842; *Wallis v. Baldwin*, 70 F.3d 1074, 1077 (9th Cir. 1995). Allegations that prison officials called a prisoner a "snitch" in the presence of other inmates can state a claim for deliberate indifference to an inmate's safety. *See Valandingham v. Bojorquez*, 866 F.2d 1135, 1139 (9th Cir. 1989). Plaintiff states colorable Eighth Amendment claims against Neven, Anderson, Heidt, Baca, and John and Jane Does.

### B. Fourteenth Amendment Claims

Plaintiff alleges the following: defendant Heidt, as the preliminary hearing officer, served plaintiff with a notice of charges for the incident and referred the matter to Walker, the disciplinary hearing officer, without conducting any investigation and based on no evidence. Walker conducted the disciplinary hearing and found plaintiff guilty without any evidence whatsoever. Walker did not record what evidence he allegedly relied on to find plaintiff guilty. Plaintiff spent forty-five days in disciplinary segregation and was assessed restitution. He also lost his job with prison industry Alpine Steel, at which he earned about $500 in net pay per month. He was thus unable to become a certified welder, a vocational skill that the pardons board required at his 2005 hearing. The disciplinary conviction hurts his chances to go before the pardons board again. Plaintiff claims Heidt and Walker violated his Fourteenth Amendment due process rights.

"Prisoners . . . may not be deprived of life, liberty or property without due process of law . . . .[T]he fact that prisoners retain rights under the Due Process Clause in no way implies that these rights are not subject to restrictions imposed by the nature of the regime to which they have been lawfully committed . . . ." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). When a prisoner faces disciplinary charges, prison officials must provide the prisoner with (1) a written statement at least

twenty-four hours before the disciplinary hearing that includes the charges, a description of the evidence against the prisoner, and an explanation for the disciplinary action taken; (2) an opportunity to present documentary evidence and call witnesses, unless calling witnesses would interfere with institutional security; and (3) legal assistance where the charges are complex or the inmate is illiterate. *See id.* at 563-70; *see also Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985); *Serrano v. Francis*, 345 F.3d 1071, 1077-78 (9th Cir. 2003); *Neal v. Shimoda*, 131 F.3d 818, 830-31 (9th Cir. 1997); *Walker v. Sumner*, 14 F.3d 1415, 1419-20 (9th Cir. 1994), *abrogated in part on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995); *McFarland v. Cassady*, 779 F.2d 1426, 1428 (9th Cir. 1986), *abrogated in part on other grounds by Sandin*, 515 U.S. 472. Moreover, at least "some evidence" must support a disciplinary sanction. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985).

In *Sandin v. Connor*, 515 U.S. 472, 487 (1995), the Supreme Court abandoned earlier case law which had held that states created protectable liberty interests by way of mandatory language in prison regulations. *Id.* Instead, the Court adopted an approach in which the existence of a liberty interest is determined by focusing on the nature of the deprivation. *Id.* In doing so, the Court held that liberty interests created by prison regulations are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 484. Although a prisoner whose liberties are at stake must be given the opportunity to present evidence and call witnesses at a disciplinary hearing, *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974), no due process claim lies where an alleged *Wolff* violation deprives the prisoner of no cognizable liberty interest, *Sandin*, 515 U.S. at 483–84. Plaintiff states colorable Fourteenth Amendment claims against Heidt and Walker.

The only time that plaintiff mentions defendants Shakeri and Clark in his complaint is to allege that they knew or should have known that charging and convicting plaintiff would result in him losing his prison job. Plaintiff does not set forth any allegations that Shakeri and Clark acted to violate his civil rights. Accordingly, the claims against defendants Shakeri and Clark are dismissed, and these defendants are dismissed from this action.

No other federal constitutional claims are stated in this complaint.

**IT IS THEREFORE ORDERED** that plaintiff's motion for district judge to reconsider Order (ECF #10) is **GRANTED.**

**IT IS FURTHER ORDERED** that this court's Screening Order dated October 20, 2011 (ECF 5) is **VACATED**.

**IT IS FURTHER ORDERED** that the Judgment entered in this action on October 20, 2011 (ECF #7) is **VACATED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to remand to state court (ECF #11) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's Eighth Amendment claims against defendants Neven, Anderson, Heidt, Baca, and John Does 1-3 **MAY PROCEED**.

**IT IS FURTHER ORDERED** that plaintiff's Fourteenth Amendment claims against defendants Heidt and Walker **MAY PROCEED**.

**IT IS FURTHER ORDERED** that all claims against defendants Shakeri and Clark are **DISMISSED**.  These defendants are dismissed from this action.

**IT IS FURTHER ORDERED** as follows:

1. Given the nature of the claims that the court has permitted to proceed, this action is **STAYED** for ninety (90) days to allow plaintiff and defendant(s) an opportunity to settle their dispute before an answer is filed or the discovery process begins.  During this ninety-day stay period, no other pleadings or papers shall be filed in this case, and the parties shall not engage in any discovery.  The court will decide whether this case will be referred to the court's Inmate Early Mediation Program, and the court will enter a subsequent order.  Regardless, on or before ninety (90) days from the date this order is entered, the Office of the Attorney General shall file the report form attached to this order regarding the results of the 90-day stay, even if a stipulation for dismissal is

entered prior the end of the 90-day stay. If the parties proceed with this action, the court will then issue an order setting a date for the defendants to file an answer or other response. Following the filing of an answer, the court will issue a scheduling order setting discovery and dispositive motion deadlines.

2. "Settlement" may or may not include payment of money damages. It also may or may not include an agreement to resolve plaintiff's issues differently. A compromise agreement is one in which neither party is completely satisfied with the result, but both have given something up and both have obtained something in return.

3. The Clerk shall electronically **SERVE** a copy of this order and a copy of plaintiff's complaint on the Office of the Attorney General of the State of Nevada, attention Pamela Sharp.

4. The Attorney General's Office shall advise the Court within twenty-one (21) days of the date of the entry of this order whether it will enter a limited notice of appearance on behalf of the defendants for the purpose of settlement. No defenses or objections, including lack of service, shall be waived as a result of the filing of the limited notice of appearance.

DATED: December 9, 2011.

_____
UNITED STATES DISTRICT JUDGE

**UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA**

|  |  |
|---|---|
| _____, ) | 3:00-CV-0000-_____ (____) |
| Plaintiffs, ) | |
| vs. ) | **REPORT OF THE OFFICE OF THE ATTORNEY GENERAL RE: RESULTS OF THE 90-DAY STAY** |
| _____, et al., ) | |
| Defendants. ) | |

**NOTE: ONLY THE OFFICE OF THE ATTORNEY GENERAL SHALL FILE THIS FORM. THE INMATE PLAINTIFF SHALL NOT FILE THIS FORM.**

On _____ [*the date of the issuance of the screening order*], the Court issued its screening order stating that it had conducted its screening pursuant to 28 U.S.C. § 1915A, and that certain specified claims in this case would proceed. The court ordered the Office of the Attorney General of the State of Nevada to file a report ninety (90) days after the date of the entry of the court's screening order to indicate the status of the case at the end of the 90-day stay. By filing this form, the Office of the Attorney General hereby complies.

REPORT FORM

[Identify which of the following two situations (identified in bold type) describes the case, and follow the instructions corresponding to the proper statement.]

**Situation One: Mediated Case: The case was assigned to mediation by a court-appointed mediator during the 90-day stay.** [If this statement is accurate, check **ONE** of the six statements below and fill in any additional information as required, then proceed to the signature bloc.]

    ____ A mediation session with a court-appointed mediator was held on _____ [*enter date*], and as of this date, the parties have reached a settlement (*even if paperwork to memorialize the settlement remains to be completed*). (*If this box is checked, the parties are on notice that they must SEPARATELY file either a contemporaneous stipulation of dismissal or a motion requesting that the court continue the stay in the case until a specified date upon which they will file a stipulation of dismissal.*)

    ____ A mediation session with a court-appointed mediator was held on _____ [*enter date*], and as of this date, the parties have not reached a settlement. The Office of the Attorney General therefore informs the court of its intent to proceed with this

11

1    action.

3    ____ No mediation session with a court-appointed mediator was held during the 90-day stay, but the parties have nevertheless settled the case. *(If this box is checked, the parties are on notice that they must SEPARATELY file a contemporaneous stipulation of dismissal or a motion requesting that the court continue the stay in this case until a specified date upon which they will file a stipulation of dismissal.)*

6    ____ No mediation session with a court-appointed mediator was held during the 90-day stay, but one is currently scheduled for _____ [*enter date*].

7    ____ No mediation session with a court-appointed mediator was held during the 90-day stay, and as of this date, no date certain has been scheduled for such a session.

9    ____ None of the above five statements describes the status of this case. Contemporaneously with the filing of this report, the Office of the Attorney General of the State of Nevada is filing a separate document detailing the status of this case.

\* \* \* \* \*

**Situation Two: Informal Settlement Discussions Case: The case was NOT assigned to mediation with a court-appointed mediator during the 90-day stay; rather, the parties were encouraged to engage in informal settlement negotiations**. [If this statement is accurate, check **ONE** of the four statements below and fill in any additional information as required, then proceed to the signature bloc.]

____ The parties engaged in settlement discussions and as of this date, the parties have reached a settlement (*even if the paperwork to memorialize the settlement remains to be completed*). (*If this box is checked, the parties are on notice that they must SEPARATELY file either a contemporaneous stipulation of dismissal or a motion requesting that the court continue the stay in this case until a specified date upon which they will file a stipulation of dismissal.)*

____ The parties engaged in settlement discussions and as of this date, the parties have not reached a settlement. The Office of the Attorney General therefore informs the court of its intent to proceed with this action.

____ The parties have not engaged in settlement discussions and as of this date, the parties have not reached a settlement. The Office of the Attorney General therefore informs the Court of its intent to proceed with this action.

____ None of the above three statements fully describes the status of this case. Contemporaneously with the filing of this report, the Office of the Attorney General of the State of Nevada is filing a separate document detailing the status of this case.

Submitted this _____ day of _____, _____ by:

Attorney Name: _____   _____
                           Print                                                Signature

Address:   _____   Phone: _____

1       _____      Email: _____

2       _____

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26