UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TONY HINES, #14349 ) | 2:11-CV-01481-PMP-GWF |
| Plaintiff, ) | |
| vs. ) | **ORDER** |
| DWIGHT W. NEVEN, *et al.*, ) | |
| Defendants. ) | |

Before the Court for consideration is Defendants' Motion for Summary Judgment as to Plaintiff's Civil Rights Complaint (Doc. #22). Having read and considered the fully-briefed motion, the Court finds that Defendants are entitled to the relief requested.

First, Plaintiff's claims are barred by the 2-year statute of limitations for commencement of Section 1983 Actions provided by Nevada Revised Statute 11.190(4)(e). Here, Plaintiff's claims are based on events occurring on January 11 and January 19, 2007. As Section 1983 Claims accrue when a plaintiff knows or has a reason to know of the injury which is the basis for the action, Plaintiff Hines was required to initiate this case on or before January 2009. However, Hines did not file the instant law suit until April 7, 2011, more than 2 years after the applicable statute of limitations had expired. The Court further finds that Plaintiff is not entitled to equitable tolling during the 21-month period which elapsed while a prior law suit was pending. Indeed, Plaintiff himself was responsible for the prior delay.

Regardless, even tolling the applicable statute of limitation by a period of 21 months would not salvage the instant complaint which was not filed until April 2011.

Additionally, the record before the Court supports Defendants' argument that Plaintiff failed to properly exhaust the applicable prison grievance process in regard to his Eighth Amendment failure to protect claim.

Finally, for the reasons set forth in Defendants' Motion for Summary Judgment (Doc. #22) and Reply Memorandum (Doc. #29), the Court finds no genuine issue of material fact remains with respect to Plaintiff's Eighth Amendment claim, and that Defendants are entitled to judgment as a matter of law.

**IT IS THEREFORE ORDERED** that Defendants' Motion for Summary Judgment (Doc. #22) is **GRANTED** and that the Clerk of Court shall forthwith enter judgment in favor of Defendants and against Plaintiff.

DATED: September 10, 2012.

_____
PHILIP M. PRO
United States District Judge

2